NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL S. ROSS,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant- Appellee.*

---

2011-5061

---

Appeal from the United States Court of Federal Claims in 10-CV-667, Judge Francis M. Allegra.

---

Decided: July 12, 2012

---

MICHAEL S. ROSS, of Menifee, California, pro se.

LARTEASE M. TIFFITH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant Director.

---

Before BRYSON, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

DECISION

Michael S. Ross appeals the dismissal of his case by the Court of Federal Claims on statute of limitations and res judicata grounds. We affirm.

BACKGROUND

In the early 1960s, Mr. Ross was enrolled in the Navy's Reserve Officer Candidate ("ROC") training program, which required him to attend training at various bases in the San Francisco Bay area. In February 1965, Mr. Ross's commanding officer at the Naval Reserve Training Center recommended that Mr. Ross be disenrolled from the ROC program. Mr. Ross was subsequently discharged from the Navy in 1966.

Beginning in 1973, Mr. Ross has filed a number of lawsuits against his commanding officer as well as other individuals and government agencies. The suits alleged a series of wrongs stemming from Mr. Ross's involvement in, and subsequent disenrollment from, the ROC program. In this case, Mr. Ross alleges a breach of contract with the Navy as well as several counts of theft, fraud, "felony fraud and falsifying official government documents" by his commanding officer and others.

The Court of Federal Claims dismissed this case as untimely, finding that Mr. Ross's allegation that he discovered a new legal theory to support his claims cannot affect the accrual date of his claim for the purposes of the governing six-year statute of limitations. In addition, the court concluded that the claims would have been barred

by the doctrine of res judicata and that most of the claims sounded in tort and were therefore outside the jurisdiction of the Court of Federal Claims.

DISCUSSION

The Tucker Act, 28 U.S.C. § 1491, states that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for . . . damages in cases not sounding in tort." To the extent that Mr. Ross asserts claims sounding in tort, such as theft and fraud, the Court of Federal Claims does not have jurisdiction to hear those claims. *See Keene Corp. v. United States*, 508 U.S. 200, 214 (1993).

To the extent that Mr. Ross asserts claims not sounding in tort (in particular, his breach of contract claim and his request for correction of his military records), those claims are barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. That statute bars claims over which the Court of Federal Claims would otherwise have jurisdiction "unless the petition thereon is filed within six years after such claim first accrues." A plaintiff's ignorance of the applicable legal principles does not delay the accrual of the claim. *See Rotella v. Wood*, 528 U.S. 549, 555 (2000) (in determining accrual, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock"); *see also United States v. Kubrick*, 444 U.S. 111, 122 (1979); *Japanese War Notes Claimants Ass'n of Philippines, Inc. v. United States*, 373 F.2d 356, 359 (Ct. Cl. 1967) ("Ignorance of rights which should be known is not enough."). Mr. Ross filed his present claim in August 2010, far more than six years

after his termination from the ROC program in 1965 and his discharge from the Navy in 1966, which are the last dates on which his claims in this lawsuit could be regarded as having accrued. Accordingly, without reaching the res judicata rationale that the Court of Federal Claims treated as an additional ground for dismissal, we hold that Mr. Ross's claims are barred by the statute of limitations.

No costs.

**AFFIRMED**